## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **RODNEY EUGENE SMITH,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:12-0900** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's document entitled "Void Judgment Requested Pursuant to the Writ of Error Coram Nobis" (Document No. 1.), filed on January 17, 2012.[1] Having examined the record in United States v. Smith, Criminal No. 1:01-0007, and in this case, the undersigned finds that Petitioner's claims are not cognizable and respectfully recommends that this matter be dismissed.

### FACTUAL AND PROCEDURAL BACKGROUND

In early December, 2000, a Search Warrant was issued for Petitioner's residence (United States v. Smith, Criminal No. 1:00-0096), a Criminal Complaint was filed charging Petitioner, and a Warrant was issued for Petitioner's arrest (United States v. Smith, Criminal Action Nos. 1:00-0097 and 1:00-0098). Petitioner was arrested. A preliminary hearing was held. Probable cause was found that a crime had been committed and Petitioner had committed it, and Petitioner was held to answer in the District Court. Petitioner was released on bond. By Indictment filed on January 3, 2001, in United States v. Smith, Criminal No. 1:01-0007, Petitioner was charged with possessing firearms as

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One); and presenting a false or fictitious instrument purporting to be an actual security issued under the authority of the United States with the intention to defraud in violation of 18 U.S.C. § 514(a)(2) (Count Two). (United States v. Smith, Criminal No. 1:01-0007, Document No. 45.) In addition to the charges contained in the Indictment, Petitioner was charged by Superseding Indictment filed on February 1, 2001, with a further instance of presenting fictitious instruments with the intent to defraud in violation of 18 U.S.C. § 514(a)(2) (Count Three); bankruptcy fraud in violation of 18 U.S.C. § 152(1) (Count Four); and twelve instances of wilfully filing false form 8300s in violation of 26 U.S.C. § 7206(1) (Counts Five through Sixteen). (Id., Document No. 65.) A Second Superseding Indictment was filed on August 8, 2001, eliminating Count Twelve of the Superseding Indictment. (Id., Document No. 129.) On September 6, 2001, a Jury determined that Petitioner was guilty as charged in all Counts (One through Fifteen) of the Second Superseding Indictment, and on September 7, 2001, the District Court entered judgment upon the Jury's verdict. (Id., Document Nos. 161 and 163.) The District Court sentenced Petitioner on December 3, 2001, to a 108 month term of imprisonment to be followed by a three year term of supervised release and required Petitioner to pay a $1,500 special assessment and restitution. (Id., Document No. 184.) Petitioner did not appeal his conviction or sentence "electing instead to file frivolous jurisdictional and other challenges to the sentence imposed. Accordingly, the Judgment became final on or about December 26, 2001." (Id., Document No. 248.)

On October 18, 2002, Petitioner filed a document entitled Verified Emergency Petition to Arrest Judgment for Lack of Subject Matter Jurisdiction with Incorporated Memorandum of Law. (Id., Document No. 216.) Thereafter, Petitioner filed an Addendum and an Affidavit in support of his Verified Emergency Petition. (Document Nos. 218 and 222.) By Order and Notice entered on

November 7, 2002, the District Court notified Petitioner pursuant to United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002), that it intended to consider his Verified Emergency Petition under 18 U.S.C. § 2255. (Id., Document No. 219.) On November 25, 2002, Petitioner filed his Response indicating that he wanted the Petition considered on its merits. (Id., Document No. 223.). In view of Petitioner's position, by Memorandum Opinion and Order filed on January 13, 2003, the District Court denied Petitioner's Petition for lack of subject matter jurisdiction because Section 2255 was the only avenue available procedurally under which Petitioner's Petition could be considered and Petitioner rejected it. (Id., Document No. 226.)

On August 7, 2003, Petitioner filed a "Motion to Compel Disclosure and for Appropriate Sanctions." (Id., Document No. 244.) On August 21, 2003, Petitioner filed a "Motion for Reconsideration of Judgment Order." (Id., Document No. 246.) By Order and Notice entered on November 7, 2002, the District Court notified Petitioner pursuant to United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002), that it intended to consider his Motions under 18 U.S.C. § 2255. (Id., Document No. 245.) On September 2, 2003, Petitioner filed his Response containing no objection to the recharacterization. (Id., Document No. 247.) By Memorandum Opinion and Order entered on September 9, 2003, the District Court converted Petitioner's Motions into a Motion for relief pursuant to 28 U.S.C. § 2255 and dismissed them pursuant to Section 2255's one year period of limitations. (Id., Document No. 248.)

On December 27, 2004, Petitioner filed a "Motion to Void Judgment *ab initio*." (Id., Document No. 289.) On January 28, 2005, Petitioner filed an "Emergency Motion as the Motion to Vacate filed on December 27, 2004 is Ripe for Judicial Adjudication Because the Facts in the Motion to Vacate and the Facts Contained Herein are Uncontroverted." (Id., Document No. 295.) By Proposed Finding and Recommendation entered on July 6, 2007, the undersigned determined that the

above Motions must be considered under Section 2255 and denied his Section 2255 Motions as procedurally barred. (Id., Document No. 359.) By Memorandum Opinion and Order entered on July 25, 2007, the District Court adopted the undersigned's recommendation and dismissed Petitioner's Motions. (Id., Document Nos. 361 and 362.) In August, 2007, the Fourth Circuit Court of Appeals denied Petitioner authorization to file a successive *habeas* application. (Id., Document No. 372.) Petitioner again raised a challenge to the District Court's jurisdiction in November, 2007. (Id., Document No. 386.) The District Court construed Petitioner's challenge under Section 2255 and denied it. (Id., Document No. 390.)

On November 12, 2008, Petitioner filed a document entitled "Void Judgment Requested Pursuant to the Writ of Error Coram Nobis." (Civil Action 1:08-01288, Document No. 1.) By Proposed Finding and Recommendation entered on June 18, 2009, the undersigned recommended that Petitioner's request for issuance of a Writ of Error *Coram Nobis* be denied. (Id., Document No. 19.) Petitioner filed his Objection on June 29, 2009. (Id., Document No. 20.) By Memorandum Opinion and Order entered on July 23, 2009, the District Court adopted the undersigned's recommendation and denied Petitioner's request for issuance of a Writ of Error *Coram Nobis*. (Id., Document Nos. 22 and 23.)

On December 10, 2010, Petitioner filed a Motion for Early Termination of Supervised Release. (Criminal Action No. 1:01-0007, Document No. 418.) By Memorandum Opinion and Order entered on July 28, 2011, District Court granted Petitioner's Motion and terminated his term of supervised release. (Id., Document No. 420.)

Petitioner filed the instant document entitled "Void Judgment Requested Pursuant to the Writ of Error Coram Nobis" on January 17, 2012. (Civil Action 1:12-0900, Document No. 1.) Petitioner contends that his constitutional rights were violated based on the following: (1) "Evidence wrongfully

obtained by the State Police in violation of the Fourth, Fifth, and Fourteenth, Section 1, Article in Amendment, and Supreme Court case law requires dismissal on this issue alone and return of property" (Id., pp. 7 - 10.); (2) "The Fourth and Fourteenth, Section 1 Articles in Amendment, and Supreme Court case law forbid State authorities to arrest solely for the purpose of enforcing federal law and this case must be dismissed on this issue alone" (Id., pp. 10 - 11.); (3) "West Virginia State Legislatures never gave express consent to the West Virginia State Police to perform any tasks for the federal government and requires dismissal on this issue alone" (Id., pp. 11 - 12.); (4) "Smith's case is exactly like the Bivens case and Bivens commands dismissal of this case as violations of unconstitutional acts occurred as requiring the overturning of his case and return of property" (Id., pp. 12 - 16.); (5) "West Virginia State Police had no probable cause in arresting Smith for the United States: Fourth and Fourteenth, Section 1, Articles in Amendment, violation denying the District Court subject-mater jurisdiction and this case must be dismissed and property returned" (Id., pp. 16 - 17.); (6) "The Government, in violation of the First, Fifth, Sixth, and Fourteenth, Articles in Amendment, deliberately failed to respond to IRS Forms 8300 which contained exculpatory evidence showing no intent to defraud and Smith must be granted relief" (Id., pp. 18 - 22.); and (7) "The suppression of exculpatory evidence is a Fifth and Fourteenth, Article in Amendment, due process violation, and Supreme Court law requires dismissal of this case on the issue alone" (Id., pp. 22 - 25.)

## DISCUSSION

Considering Petitioner's documents and statements liberally as the Court must in view of Petitioner's *pro se* status, they must be construed as requesting the invalidation of his 2001 conviction through collateral proceedings, i.e., proceedings beyond direct appeal. 28 U.S.C. § 2255 provides for collateral relief for persons who remain "in custody." The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Collateral relief is available to persons who have completed their sentences and are therefore not in custody under very limited circumstances through Writs of Error *Coram Nobis* and Writs of *Audita Querela* issued under 28 U.S.C. § 1651, the All Writs Act. The United States Supreme Court explained in Pennsylvania Bureau of Corrections v. United States Marshals Service, 474 U.S. 34, 43, 106 S.Ct. 355, 361, 88 L.Ed.2d 189 (1985), as follows:

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.

Writs of Error *Coram Nobis* provide "essentially a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction." Fleming v. United States, 146 F.3d 66, 89 - 90 (2nd Cir. 1998); see also United States v. Mandanici, 205 F.3d 519, 524 (2nd Cir. 2000). "[C]ourts may consider coram nobis petitions only where no other remedy is available and the petitioner presents sound reasons for failing to seek relief earlier." United States v. Mills, 221 F.3d 1201, 1204 (11th Cir. 2000), cert. denied, 531 U.S. 1144, 121 S.Ct. 1079, 148 L.Ed.2d 956 (2001). The Supreme Court reiterated in Carlisle v. United States, 517 U.S. 416, 428 - 429, 116 S.Ct. 1460, 1468, 134 L.Ed.2d 613 (1996), from its note in United States v. Smith, 331 U.S. 469, 475, fn. 4, 67 S.Ct. 1330, fn.4, 91 L.Ed. 1610 (1947), that "it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate."

Proceedings may be held in *coram nobis* to consider errors "of the most fundamental character." United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954).

They may not, however, supplant proceedings under Section 2255, <u>United States v. Barrett</u>, 178 F.3d 34, 55, (1st Cir. 1999), <u>cert. denied</u>, 528 F.2d 1176, 120 S.Ct. 1208, 145 L.Ed.2d 1110 (2000), or be utilized to re-litigate issues raised on direct appeal or under Section 2255. <u>Durrani v. United States</u>, 294 F.Supp.2d 204, 209 - 210 (D.Conn. 2003); <u>Sun v. United States</u>, 342 F.Supp.2d 1120, 1126 (N.D.Ga. 2004), <u>aff'd</u>, 151 Fed. Appx. 860 (11th Cir. 2005), <u>cert. denied</u>, 546 U.S. 1200, 126 S.Ct. 1399, 164 L.Ed.2d 100 (2006)("A writ of error coram nobis is only appropriate when claims could not have been raised by direct appeal, or the grounds to attack the conviction become known after a completed sentence when § 2255 relief is unavailable"). Thus, before considering a request for relief in *coram nobis* on its merits, the Court must determine whether the request is properly before the Court and may refuse to consider the request if it is not. <u>Durrani v. United States</u>, 294 F.Supp.2d 204, 209 - 210 (D.Conn. 2003). Adopting "the same analytical framework when ruling on the propriety of current coram nobis petition as when analyzing successive habeas corpus petition", the Court in <u>Durrani</u> stated that "the court will refuse to entertain a coram nobis petition if: (1) the same grounds presented in the current petition were determined adversely to petitioner in an earlier collateral proceeding; (2) the prior determination was on the merits; and (3) the 'ends of justice' would not be served by reaching the merits of the repetitive grounds in the current petition." <u>Durrani v. United States</u>, 294 F.Supp.2d at 210; <u>see also</u> <u>Shepis v. United States</u>, 2008 WL 474237, * 6 (D.S.C.). When the District Court has determined that it is appropriate to consider a request for relief in *coram nobis* on the merits, the District Court may grant *coram nobis* relief if the petitioner demonstrates that "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate early relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." <u>Fleming v. United States</u>, 146 F.3d at 90, <u>quoting</u> <u>Foont v. United States</u>, 93 F.3d 76, 79 (2nd Cir. 1996)(internal

7

quotation marks, citations and alterations omitted); see also Hanan v. United States, 402 F.Supp.2d 679, 684 (E.D.Va. 2005), stating that "to obtain *coram nobis* relief, [a petitioner] must show (i) that his conviction or sentence involved an error of the most fundamental character; (ii) that it is probable that a different result would have occurred if not for the error; (iii) that adverse consequences continue to follow from the conviction such that a case or controversy exists within the meaning of Article III; (iv) that a more usual remedy is not presently available to correct the error; and (v) that sound reasons exist for not challenging the error earlier, such as by direct appeal or § 2255 motion." "[A] court reviewing a petition for a writ of *coram nobis* to vacate a conviction must presume that the underlying proceedings were correct, and the burden of showing otherwise rests on the petitioner. And, that burden is substantial, exceeding that of a habeas petitioner." Hanan v. United States, 402 F.Supp.2d at 684. A Writ of Error Coram Nobis may be granted "in light of a retroactive dispositive change in the law" which undermines the basis for a prior conviction. United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). "[N]ewly discovered evidence does not constitute a fundamental error sufficient to justify coram nobis relief." Sun v. United States, 342 F.Supp.2d 1120 at 1127. The mere allegation that prosecutors withheld exculpatory evidence does not support *coram nobis* consideration. Durrani v. United States, 294 F.Supp.2d at 215 - 216.

Writs of *Audita Querela* are available when there is a legal objection to a conviction which has arisen after sentencing for which there is no other remedy. United States v. Hairston, 2009 WL 891929, * 2 (N.D.W.Va.), quoting United States v. LaPlante, 57 F.3d 252, 253 (2nd Cir. 1995). As Writs of Error *Coram Nobis*, Writs of *Audita Querela* may be issued "only to the extent that they 'fill the gaps' in the current system of federal post-conviction relief." United States v. Hairston, 2009 WL 891929, * 2 (N.D.W.Va.), quoting Doe v. INS, 120 F.3d 200, 203 (9th Cir. 1997).

Having thoroughly examined the record in United States v. Smith, Criminal Action No. 1:01-

8

0007, and considered the documents and information which Petitioner has filed and statements which he has made in this matter, the undersigned finds no circumstance even remotely indicating a fundamental error in Petitioner's prosecution such that relief may be available in *coram nobis*. As noted above Petitioner challenged the District Court's jurisdiction in Criminal Action No. 1:01-0007, before and after his conviction without success. Clearly, Petitioner may not renew this challenge in *coram nobis*. The undersigned further finds that Petitioner knew and/or could have known about all of the circumstances which underlie his claim of entitlement to *coram nobis* relief herein and could have presented them on direct appeal or in Section 2255 proceedings. Petitioner has not indicated any reason why he did not do so sufficient to permit *coram nobis* consideration of his claims. Further, none of Petitioner's assertions indicate the occurrence of an error "of the most fundamental character." Finally, the Court finds that no legal development occurred following Petitioner's conviction which might undermine Petitioner's conviction and make relief in *audita querela* available.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Petitioner's request for the issuance of a Writ of Error Coram Nobis (Document No. 1.), **DISMISS** this case and remove it from the docket of the District Court.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen

days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: March 28, 2012.

R. Clarke VanDervort
United States Magistrate Judge