```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

RODNEY EUGENE SMITH,

    Petitioner,

v.     Civil Action No: 1:12-00900

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court are petitioner's (1) document entitled "Void Judgment Requested Pursuant to the Writ of Error Coram Nobis" (petition) and (2) Motion to Expedite Ruling.[1]  Doc. Nos. 1 & 7.  For the following reasons, the petition is **DENIED**.  Doc. No. 1.  Similarly, petitioner's motion to expedite is **DENIED AS MOOT**.  Doc. No. 7.

### Factual and Procedural History

Petitioner filed the instant petition on January 17, 2012, under Criminal Case No. 1:01-00007.  See Criminal Case No. 1:01-00007, Doc. No. 424.  Magistrate Judge VanDervort entered an Order construing petitioner's filing as a civil action on March 28, 2012.  Criminal Case No. 1:01-00007, Doc. No. 426.  On March

---

[1] The court notes that the undersigned has granted two of petitioner's recusal motions in the past.  See Criminal Case No. 1:01-cr-00007, Doc. Nos 217, 296.  However, given the posture of this case and the reasoning herein, the undersigned sees no reason for recusal again.

28, 2012, Magistrate Judge VanDervort entered Proposed Findings and Recommendation (PF&R), recommending petitioner's petition for a Writ of Error Coram Nobis be denied and that this case be dismissed and removed from the District Court's docket. Doc. No. 3. On April 6, 2012, petitioner filed an "Expedited Motion to Extend Time to File Response to Proposed Findings and Recommendation." Doc. No. 4. Magistrate Judge VanDervort granted petitioner's motion for more time to file objections to the PF&R. Doc. No. 5. Petitioner timely filed objections to the PF&R on May 1, 2012. Doc. No. 6. Petitioner later filed a Motion to Expedite Ruling regarding his petition for a Writ of Error Coram Nobis. Doc. No. 7.

Discussion

I. Petition for Writ of Error Coram Nobis and Motion to Expedite the Ruling re: Same (Doc Nos. 1 & 7)

To the extent petitioner's objections to the PF&R are cognizable, petitioner seems to object that Magistrate Judge VanDervort's PF&R did not examine the substance of petitioner's claims and instead "gave a summary of general case files." Doc. No. 6, at 1. The court disagrees. Nevertheless, the court now reviews the PF&R de novo in light of petitioner's timely filed objections.

In the PF&R, Magistrate Judge VanDervort noted that he had thoroughly examined both the record in petitioner's companion

criminal case, United States v. Smith, Criminal Case No. 1:01-00007, and the documents petitioner filed with the instant petition. See Doc. No. 3, at 8-9. The court has retraced Magistrate Judge VanDervort's steps and arrives at a similar conclusion, namely that no circumstance exists that "even remotely indicat[es] a fundamental error in [p]etitioner's prosecution such that relief may be available in coram nobis." Id. at 9. Moreover, the court finds that petitioner attempts to use coram nobis to relitigate issues he has raised previously. Salient authority supporting this conclusion includes Durrani v. United States, 294 F.Supp.2d 204 (D. Conn. 2003). In that case, the court found that whatever the use of a Writ of Error Coram Nobis, it cannot be used to relitigate issues raised on direct appeal or under Section 2255 habeas relief. See id. at 209-10.[2]

The record in petitioner's companion criminal case clearly indicates he has already litigated the issues raised in the

---

[2] Durrani cites a string or relevant authorities: Polizzi v. United States, 550 F.2d 1133, 1135-36 (9th Cir. 1976) ("Although principles of res judicata do not bar a prisoner from re-litigating on ... coram nobis issues raised in the original appeal, a district court may refuse to entertain a repetitive petition ... previously determined on the merits."); Chin v. United States, 622 F.2d 1090, 1092 (2d Cir. 1980) (recognizing that, absent special circumstances, once a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a coram nobis petition); Klein v. United States, 880 F.2d 250, 254 n. 1 (10th Cir.1989) ("[C]oram nobis relief is not available to litigate issues already litigated; it is reserved for claims which have yet to receive their first disposition.").

instant petition.  For example, Judge Goodwin's Order dated July 25, 2007, demonstrates how petitioner has attempted to file more than a dozen successive, unauthorized Section 2255 motions, each essentially challenging the validity of his prosecution.  Doc. No. 361, at 6-8.  Judge Goodwin denied each of these motions.  See id. (denying eighteen motions as improper discovery requests, unauthorized successive Section 2255 motions, or moot).  Moreover, after petitioner was procedurally barred from filing a coram nobis petition because he remained on supervised release and, therefore, "in custody," Judge Goodwin noted that he would "not consider the petition on its merits because the petitioner may not renew his previously unsuccessful challenge to the district court's jurisdiction through a coram nobis petition."  Civil Case No. 1:08-01288, Doc. No. 22, at 2; see United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999)(stating "[a] prisoner on supervised release is considered to be 'in custody.'").[3]

Accordingly, because petitioner essentially relitigates the same issues from earlier collateral attacks on his conviction, none of which indicated a fundamental error in petitioner's

---

[3] Coram Nobis is generally not available to federal prisoners who are still in custody.  See U.S. v. Payne, 644 F.3d 1111, 1112 (10th Cir. 2011); Godoski v. U.S., 304 F.3d 761 (7th Cir. 2002); U.S. v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001); U.S. v. Noske, 235 F.3d 405, 406 (8th Cir. 2000); U.S. v. Baptiste, 223 F.3d 188, 189-190 (3d Cir. 2000).

prosecution, the court **DENIES** petitioner's request for a Writ of Error Coram Nobis.  Doc. No. 1.  Similarly, the court **DENIES AS MOOT** petitioner's motion to expedite the ruling on that request.  Doc. No. 7.

II. Pre-filing Injunctions against Vexatious Litigants

The court notes for the record that the instant petition is one in a long series of frivolous filings related to petitioner's companion criminal case.  Even holding petitioner's filings to a less stringent standard by virtue of his pro se status,[4] many of those filings are simply non-cognizable,[5] yet petitioner continues to file substantially the same complaints.  Accordingly, petitioner has abused access to this court as it relates to his criminal proceeding, Case No. 1:01-cr-00007.  Indeed, the All Writs Act, 28 U.S.C. § 1651(a), "grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants like [the petitioner]."  Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004).

Nevertheless, an individual's right to access to the courts is fundamental and may be restricted "only in limited circumstances and in strict accordance with established protections."  Id. at 820.  Accordingly, at this time, the court

---

[4] See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

[5] See, e.g., Doc Nos. 72, 83, 99, 284, 289, 295, 298, 312, 322, 324 among others.

5

refrains from issuing an order requiring petitioner to show cause why the court should not enter a prefiling injunction against him.  However, should petitioner continue to file documents related to Criminal Case No. 1:01-cr-00007, the court will issue such an order.  Petitioner's criminal case and all civil actions attendant to it have been fully litigated.  This order serves as an initial caution to petitioner that further filings related to his decade-old criminal proceeding may result in the court entering a prefiling injunction against him.

## Conclusion

Having reviewed Petitioner's objections, the court **OVERRULES** Petitioner's objections and **CONFIRMS** and **ADOPTS** the Magistrate Judge's Proposed Findings and Recommendations. Accordingly, petitioner's request for a Writ of Error Coram Nobis is **DENIED**.  Doc. No. 1.  Similarly, petitioner's motion to expedite a ruling regarding the writ is **DENIED AS MOOT**.  Doc. No. 7.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and petitioner, pro se.

The Clerk is further directed to remove this case from the court's active docket.

**IT IS SO ORDERED** on this 31st day of January, 2013.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge