```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

RODNEY EUGENE SMITH,

    Plaintiff,

v.                                     Civil Action No: 1:12-00900
                                       (Criminal No. 1:01-00007-01)

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Rodney Eugene Smith's "Void Judgment Requested Pursuant to the Writ of Error Coram Nobis Based on New Evidence Previously Not Adjudicated." (Doc. No. 11). In that motion, Smith asks the court to reconsider its Judgment Order of January 31, 2013, "and declare said case void ab initio based on the false presumption that Rodney Eugene Smith is a United States citizen." Plaintiff's Motion at p. 1. Plaintiff's motion is but another in a long line of frivolous filings seeking to set aside his 2001 criminal conviction in this court. By Order dated January 31, 2013, the court denied his petition for a writ of error coram nobis.

As an initial matter, the Federal Rules of Civil Procedure do not recognize a "motion to reconsider" per se. Furthermore, it is well recognized that Rule 59(e) of the Federal Rules of

Civil Procedure may not be used to re-litigate old matters or raise arguments or present evidence that could have been raised before judgment. Exxon Shipping Co. v. Baker, 554 U.S. 471, 486, n. 5 (2008). As a reminder of the Fourth Circuit's pronouncement of the policy behind Rule 59(e), it should be noted that granting such motion "is an extraordinary remedy which should be used sparingly." Bailes v. Erie Ins. Prop. & Cas. Co., 3:09-CV-00146 (S.D.W. Va. Feb. 9, 2010)(citing Pacific Ins. Co., 148 F.3d at 403). Rather, the Fourth Circuit has clearly identified three circumstances under which a district court may alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). After considering the instant motion, it is clear that plaintiff is not entitled to relief under Rule 59(e).

As with relief under Rule 59(e), relief under Federal Rule of Civil Procedure 60 is not available for mere disagreement with the court's decision. See Shelton v. Hayes, 197 F. App'x 469, 470 (7th Cir. 2006); cf. Broadway v. Norris, 193 F.3d 987, 989-90 (8th Cir. 1999)("In their 'motion for reconsideration,'

2

defendants did nothing more than re-argue, somewhat more fully, the merits of their claim [. . .] This is not the purpose of Rule 60(b). It authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like). It is not a vehicle for simple re-argument on the merits.").

When "a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b)." CNF Constructors, Inc. v. Donohoe Const. Co., 57 F.3d 395, 401 (4th Cir. 1995)(internal quotations omitted). Plaintiff's motion clearly falls within this category, thus making unwarranted the relief contemplated by Rule 60.

Putting aside the procedural problems with Smith's motion, it is equally clear that it is substantively without merit. Plaintiff's apparent basis for reconsideration is the "new evidence" that, at his underlying criminal trial, the government failed to prove that he was a United States citizen. According to Smith, he is outside the jurisdictional reach of the federal courts and the laws of the United States because of this alleged failure of proof. Smith's argument is akin to the "sovereign citizen" argument that "has been rejected repeatedly by the

3

courts."[1]  <u>Nunn v. United States</u>, Civil Action No. 3:13cv12-MHT, 2013 WL 1099321, *2 (M.D. Ala. Feb. 27, 2013); <u>see also</u> <u>Presley v. Prodan</u>, C/A No. 3:12-2511-CMC-JDA, 2013 WL 1342465, *2 (D.S.C. Mar. 11, 2013) (and authorities cited therein).  Furthermore, there is nothing "new" about this so-called "evidence."

Based on the foregoing, plaintiff's motion to reconsider is DENIED[2] and the Clerk is directed to remove this case from the court's active docket.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and plaintiff, pro se.

**IT IS SO ORDERED** on this 30th day of September, 2013.

ENTER:

David A. Faber
Senior United States District Judge

---

[1] Plaintiff's various filings subsequent to the instant motion raise the same tired argument.  <u>See</u> Docs. No. 12-16.
[2] For the same reasons, plaintiff's amended motion(s) and all its various addenda are DENIED as well.  (Docs. No. 12-16).

4